IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMI REDMAN,<br><br>          Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. fka COUNTRYWIDE HOME LOANS, INC., and DOES 1-100,<br><br>          Defendants. | CV 15-10-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Before the Court is Defendant Bank of America, N.A.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss. For the reasons stated, the Court recommends the motion be granted without prejudice to allow Plaintiff Jami Redman to file an amended complaint.

**I.**    **Background**

On June 20, 2007, Plaintiff Jami Redman signed a promissory note evidencing a loan made by Guild Mortgage Company to Redman in the amount of $256,000. (Doc. 33-1)[1] The promissory note required Redman to make loan

---

[1] By Orders entered June 9, 2015, and July 31, 2015, the Court granted Defendant Bank of America's motions requesting the Court take judicial notice of the subject loan transaction documents.

1

payments in the amount of $1,440 per month. Redman signed a Deed of Trust on June 20, 2007, granting Guild Mortgage Company a security interest in real property located in Gallatin County, Montana. (Doc. 6-1.)

Defendant Bank of America, as the purported current holder of the creditor's interest in the promissory note, has undertaken efforts to collect the proceeds of the loan from Redman. In response, Redman, appearing pro se, commenced this action to challenge Bank of America's authority to collect the debt. In substance, Redman alleges her original debt owed to Guild Mortgage Company has been "written off" or "charged off", and that Bank of America has no enforceable legal right to collect any amount of the debt Redman may have previously owed to Guild Mortgage Company. Specifically, she asserts Bank of America has no authenticated written documentation establishing it now holds Guild Mortgage Company's rights to collect the original debt from Redman.

Redman advances three separate causes of action against Bank of America. First, she pleads an action for an accounting of the amounts Bank of America contends she owes. Second, Redman alleges Bank of America is liable for violating several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., based on its conduct in asserting and representing that Redman is obligated to repay the original debt to it. Finally, Redman alleges Bank of

America violated provisions of the Telephone Communications Protection Act, 47 U.S.C. § 227 et seq., by delivering communications to Redman by phone without her consent.

## II. Applicable Law

### A. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The plausibility standard requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*.

Finally, in considering a motion to dismiss, the court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

### B. Application of Montana Law

With respect to her claims under the Fair Debt Collection Practices Act and the Telephone Communications Protection Act, Redman properly invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. And as to her claim for an accounting under Montana law, she properly invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) requiring the Court to apply the law of Montana to her claim. *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000).

### B. Pro Se Pleadings

Because Redman is proceeding pro se the Court must construe her pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). But the Court need not read into her pro se allegations the necessary "essential elements of [a] claim that were not initially pled.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982))).

### III. Discussion

#### A. Motion to Dismiss – Judicial Notice of Documents

In considering a Rule 12(b)(6) motion to dismiss, the court may consider matters of which it may take judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Under authority of Fed. R. Evid. 201, the court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). And the court may take judicial notice of "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted).

Additionally, under Rule 12(b)(6) a court may consider evidence on which the complaint "'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the [documents submitted with] the 12(b)(6) motion." *Marder v.*

5

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).

As noted, the Court has taken judicial notice of several documents submitted by Bank of America. The documents include Redman's June 20, 2007 promissory note and Deed of Trust, the August 26, 2011 Assignment of Deed of Trust transferring Guild Mortgage Company's interest in the Deed of Trust to Bank of America (doc. 6-2), and Redman's July 23, 2013 voluntary petition for bankruptcy filed in the United States Bankruptcy Court for the District of Montana (doc. 33-2). These documents are identified in, and authenticated by, the affidavits of Bank of America's counsel stating the documents are true and correct copies of the original documents. (Docs. 7 and 33.) The Deed of Trust and the Assignment of Deed of Trust are filed in the public record in Gallatin County, Montana, and Redman's bankruptcy petition is filed in the United States Bankruptcy Court for the District of Montana.

Redman's complaint refers to the loan transaction she entered with Guild Mortgage Company. Her promissory note evidencing that loan transaction is central to her claims because she asserts Bank of America lacks authority to collect the proceeds of the original loan from Guild Mortgage Company. Redman does not genuinely dispute or object to the authenticity of the promissory note. Instead, the substance of Redman's dispute is directed at Bank of America's legal

authority to collect on the promissory note.[2]

Therefore, to the extent necessary, the Court will take into consideration Redman's promissory note, the Deed of Trust, the Assignment of Deed of Trust, and Redman's bankruptcy petition, all of which Bank of America relies upon in support of its motion to dismiss. But, as discussed, the Court finds that its consideration of the sufficiency of Redman's factual allegations does not require reliance upon all of the submitted documents.

B.   **Action for an Accounting**

Bank of America moves to dismiss Redman's claim for an accounting. The motion is well taken and should be granted.

Under Montana law, a cause of action for an accounting requires the plaintiff to plead facts demonstrating the plaintiff is unable to procure an accounting for herself. *Johnston v. Silver*, 196 P. 515, 517 (Mont. 1921) (citing *Ayotte v. Nadeau*, 81 P. 145 (Mont. 1905) and *Wetzstein v. Boston & Montana Consolidated Copper & Silver Mining Company*, 72 P. 865 (Mont. 1903)). Specifically, a plaintiff must plead facts establishing that she previously demanded

---

[2]Bank of America further asserts it holds an assignment of Redman's promissory note. But the assignment on which it relies is blank in that it does not expressly identify Bank of America as the assignee. (*See* Doc. 33-1 at 11 of 12.) For purposes of considering Bank of America's motion to dismiss, its status as the actual assignee need not be resolved at this juncture.

that the defendant produce an accounting, and that the defendant refused to do so. *Id*. Absent those necessary facts a pleading fails to sufficiently state a cause of action for an accounting on which the court can grant relief. *Id*. *See also Local Union No. 400 of the International Union of Operating Engineers v. Bosh*, 715 P.2d 36, 40 Mont. 1986).

Redman's complaint fails to sufficiently state a claim for an accounting because it does not allege that she previously demanded an accounting from Bank of America which was refused.

### C. Fair Debt Collection Practices Act

Bank of America moves to dismiss Redman's claims advanced pursuant to the Fair Debt Collection Practices Act. This motion too is well taken and should be granted.

The substance of Redman's complaint, as reiterated in her brief in response to Bank of America's motion to dismiss, asserts that Bank of America is not an entity to which she owes a debt, but that it has fraudulently misrepresented its status as one of Redman's creditors. (*See e.g.* Doc. 1 at 5 of 15, ¶ 16, and at 10 of 15, ¶ 17.)

Bank of America argues Redman is judicially estopped from asserting that Bank of America is not an entity to which she owes a debt based upon Redman's

statements made under penalty of perjury in her voluntary petition for bankruptcy. In Schedule A attached to her petition, Redman identified the real property in Gallatin County that is subject to her June 20, 2007 Deed of Trust as real property in which she holds a legal interest and which is subject to a secured interest held by another entity. (*Compare* Doc. 6-1 at 16 of 20 with Doc. 33-2 at 11 of 39.) In Schedule D attached to her petition, Redman identified Bank of America as a creditor who holds a secured interest in Redman's real property in Gallatin County, Montana, which interest secures a debt Redman owes in the amount of $255,133.90. (Doc. 33-2 at 16 of 39.) Finally, in Redman's Statement of Intention relative to her bankruptcy petition, Redman declared her intention to retain the subject real property in Gallatin County, and that she intended to "[r]eaffirm the debt" she owes to Bank of America. (Doc. 33-2 at 37 and 39 of 39.) Consequently, Bank of America argues Redman is judicially estopped from now taking a contrary position asserting she does not owe a debt to Bank of America.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 782 (9th Cir. 2001). In determining whether to

statements made under penalty of perjury in her voluntary petition for bankruptcy. In Schedule A attached to her petition, Redman identified the real property in Gallatin County that is subject to her June 20, 2007 Deed of Trust as real property in which she holds a legal interest and which is subject to a secured interest held by another entity. (*Compare* Doc. 6-1 at 16 of 20 with Doc. 33-2 at 11 of 39.) In Schedule D attached to her petition, Redman identified Bank of America as a creditor who holds a secured interest in Redman's real property in Gallatin County, Montana, which interest secures a debt Redman owes in the amount of $255,133.90. (Doc. 33-2 at 16 of 39.) Finally, in Redman's Statement of Intention relative to her bankruptcy petition, Redman declared her intention to retain the subject real property in Gallatin County, and that she intended to "[r]eaffirm the debt" she owes to Bank of America. (Doc. 33-2 at 37 and 39 of 39.) Consequently, Bank of America argues Redman is judicially estopped from now taking a contrary position asserting she does not owe a debt to Bank of America.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 782 (9th Cir. 2001). In determining whether to

invoke the doctrine of judicial estoppel, courts are to consider the following factors: "(1) whether a party adopts a position clearly inconsistent with its earlier position; (2) whether the court accepted the party's earlier position; and (3) whether the party would gain an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Flagship West, LLC v. Excel Realty Partners, L.P.*, 758 F. Supp. 2d 1004, 1044 (E.D. Cal. 2010) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Significantly, however, the Ninth Circuit has specifically "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton*, 270 F.3d at 783 (quoting *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); *Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997)).

Fatal to Bank of America's reliance upon the doctrine of judicial estoppel, though, is its failure to demonstrate, through judicial records or otherwise, that the United States Bankruptcy Court actually relied upon, or accepted, Redman's prior assertion that Bank of America is, in fact, a creditor. Bank of America instead asserts, without supporting evidentiary material, that Redman's position in her bankruptcy petition "obtained the benefit of the bankruptcy trustee not attempting

to use [Redman's Gallatin County property] to satisfy the demands of her creditors." (Doc. 10 at 12.) But absent evidence that the United States Bankruptcy Court itself relied upon Redman's position, this Court cannot employ the doctrine of judicial estoppel. Thus, the Court will proceed to consider the sufficiency of Redman's claims under the Fair Debt Collection Practices Act.

The substance of Redman's factual allegations presented in support of her claims under the Fair Debt Collection Practices Act assert two matters: (1) that Bank of America falsely misrepresented to her and to others that Redman owes a debt to it, and (2) that it failed to represent to others that Redman disputes that she owes a debt to Bank of America. Redman alleges that Bank of America's conduct in this regard violated numerous provisions of the Fair Debt Collection Practices Act. Specifically, Redman cites to 15 U.S.C. §§ 1692d, 1692e(2)(A), (5), (8) & (10), 1692f(1), and 1692g(b).[3] Therefore, Redman alleges Bank of America is

---

[3]Bank of America suggests Redman may be attempting to assert claims under the Fair Credit Reporting Act (FCRA) for its alleged conduct in furnishing false information to credit reporting agencies in violation of the FCRA at 15 U.S.C. § 1681s-2(a). (*See* Doc. 1 at 9 of 15, ¶15.) Bank of America argues that a potential claim under section 1681s-2(a) fails because that section does not create a private right of action (*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir 2009)), and because a plaintiff cannot assert FCRA claims through the Fair Debt Collection Practices Act to circumvent the limitations on FCRA claims. Although Redman alleges Bank of America reported false credit information to credit agencies, the Court finds Redman's allegations do not expressly invoke any provision of the FCRA. The Court will not read into allegations a claim that was not expressly pled by Redman initially. Furthermore,

11

liable to her for actual damages, statutory damages, and costs and attorneys' fees under 15 U.S.C. § 1692k(a)(1), (a)(2)(A) & (a)(3).

The allegations in Redman's complaint merely recite language contained within the referenced provisions of the Fair Debt Collection Practices Act without factually identifying any specific act or omission committed by Bank of America. Redman alleges only that Bank of America's unidentified conduct constitutes the conduct described in, and prohibited by, the language of the statutes. (Doc. 1 at 8-11 of 15, ¶¶ 6-19.) But the allegations fail to include facts describing specific actions taken by Bank of America on specific occasions which constitute statutory violations. Absent more specific and plausible factual events described in her complaint, Redman's allegations are nothing more than labels, unsupported conclusions, and "a formulaic recitation of the elements of a cause of action" under the Fair Debt Collection Practices Act which are not sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### D. **Telephone Communications Protection Act**

Redman's complaint alleges Bank of America is liable for its violations of the Telephone Communications Protection Act (TCPA). She alleges that Bank of

---

Redman's allegation that Bank of America communicated false credit information to other persons falls within the Fair Debt Collection Practices Act at 15 U.S.C. § 1692e(8). Therefore, the Court will not address the potential for Redman's unstated claims under the FCRA.

America made telephone calls to her, without her consent, using an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Bank of America moves to dismiss Redman's claim under section 227 for lack of supporting factual allegations. The Court agrees Redman's allegations are insufficient.

The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– [...to any wireless telephone.]" 47 U.S.C. § 227(b)(1)(A)(iii). *See Daniels v. ComUnity Lending, Inc.*, 2014 WL 51275, *5 (S.D. Cal. 2014). "To state a claim under the TCPA, Plaintiff must allege all three of the following: (1) Defendant called Plaintiff's cellular telephone; (2) Defendant used an [automatic telephone dialing system or an artificial or prerecorded voice]; and (3) Plaintiff did not give prior express consent to the calls at issue." *Thomas v. Dun & Bradstreet Credibility Corp.*, 2015 WL 4698398, *2 (C.D. Cal. 2015).

Redman's allegations in her complaint mirror the language of section 227(b)(1)(A)(iii) and merely recite the bare elements of the TCPA claim. She alleges Bank of America "initiated numerous telephone calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff[.]" (Doc. 1 at 12 of 15, ¶ 20.) Redman's

allegations, however, do not include any further specific supporting facts making it plausible that Bank of America actually violated section 227. Therefore, Redman's claims under the TCPA are subject to dismissal.

### IV. Conclusion

For the reasons discussed, the Court finds each of Redman's claims fails to include sufficient factual allegations necessary to state a legally cognizable claim on which the Court could grant relief. Each of Redman's claims, therefore, are subject to dismissal.

But generally, "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)). Here, the Court cannot conclude that Redman would be unable to plead additional facts which could state a claim for relief. Therefore, IT IS HEREBY RECOMMENDED that Bank of America's motion to dismiss be GRANTED without prejudice. If Redman desires to amend her complaint she shall file her amended complaint on or before **November 4, 2015**.

DATED this 7th day of October, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge