# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JAMI REDMAN,<br><br>      Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. fka<br>COUNTRYWIDE HOME LOANS,<br>INC., and DOES 1-100,<br><br>      Defendants. | CV-15-10-BU-BMM<br><br>**ORDER** |

  Plaintiff Jami Redman (Redman) filed a Complaint *pro se* on March 5, 2015. (Doc. 1). The Complaint relates to a loan Redman obtained from Guild Mortgage Company in the amount of $265,000 on or about June 20, 2007. The loan was secured by a promissory note in favor of Guild Mortgage Company, and a deed of trust granting Guild mortgage Company a security interest in real property located in Gallatin County, Montana. Defendant Bank of America is the current holder of the creditor's interest in the promissory note and deed of trust. Bank of America has undertaken efforts to collect the proceeds of the loan from Redman. Redman filed the present action to challenge Bank of America's authority to collect the debt.

  The Complaint asserts three separate causes of action against Bank of America. First, Redman pleads an action for an accounting of the amounts Bank of America contends she owes. Second, Redman alleges that Bank of America has

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by falsely misrepresenting its status as the current holder of the creditor's interest in the promissory note and deed of trust. Third, Redman alleges that Bank of America has violated the Telephone Communications Protection Act, 47 U.S.C. § 227 et seq., by delivering communications to Redman by telephone without her consent. Bank of America moved to dismiss Redman's Complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 9).

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on October 7, 2015. (Doc. 37). Judge Lynch found that each of Redman's claims were subject to dismissal because they failed to include sufficient factual allegations necessary to state a legally cognizable claim. (Doc. 37 at 14). Judge Lynch recommended that Redman's Complaint be dismissed without prejudice unless Redman amended her Complaint to plead additional facts which would support viable claims for relief. Judge Lynch gave Redman until November 27, 2015, to file an amended complaint if she elected to do so. (Docs. 37 at 14, 39). Redman did not file an amended complaint. Redman did not file objections to Judge Lynch's Findings and Recommendations.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

A. <u>**Action for an Accounting**</u>

In Montana, a cause of action for accounting requires the plaintiff to plead facts demonstrating the plaintiff is unable to procure an accounting for herself. *Johnston v. Silver*, 196 P. 515, 517 (Mont. 1921); *Ayotte v. Nadeau*, 81 P. 145 (Mont. 1905); *Wetzstein v. Boston & Montana Consolidated Copper & Silver Mining Company*, 72 P. 865, 867 (Mont. 1903). A plaintiff must plead facts establishing that she previously demanded that the defendant produce an accounting, and that the defendant refused to do so. *Johnston*, 196 P. at 517. Absent those necessary facts a pleading fails to sufficiently state a cause of action for an accounting on which the court grant relief. *Id.*

Redman's Complaint fails to state a claim for accounting because it does not allege that she previously demanded an accounting from Bank of America which was refused.

B. <u>**Fair Debt Collection Practices Act**</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Redman's Complaint fails to describe specific actions taken by Bank of America on specific occasions which constitute violations of the Fair Debt Collection Practices Act. The Complaint merely recites language contained within various provisions of the Act. A "formulaic recitation of the elements of a cause of action" under the Fair Debt Collection Practices Act is not sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555.

### C. Telephone Communications Protection Act

The Telephone Communications Protection Act (TCPA) makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any [wireless telephone]." 47 U.S.C. § 227(b)(1)(A)(iii); *Daniels v. Comunity Lending, Inc.*, 2014 WL 51275, *5 (S.D. Cal. 2014). To state a claim under the TCPA, the plaintiff must allege all three of the following: (1) the defendant called the plaintiff's cellular telephone; (2) the defendant used an automatic telephone dialing system or an artificial or prerecorded voice; and (3) the plaintiff did not give prior express consent to the calls at issue. *Thomas v. Dun & Bradstreet Credibility Corp.*, 2015 WL 4698398, *2 (C.D. Cal. 2015).

The allegations in Redman's Complaint merely recite the bare elements of the TCPA claim. She alleges Bank of America "initiated numerous telephone calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff[.]" (Doc. 1 at 12). Redman fails to plead factual content sufficient to allow the Court to draw the reasonable inference that Bank of America has violated the TPCA. Therefore, Redman's claims under the TPCA are subject to dismissal. *See Iqbal*, 556 U.S. at 678.

Accordingly, IT IS ORDERED:

1. Defendant's Motion to Dismiss, (Doc. 9) is GRANTED.

2. Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice.

3. The Clerk is directed to enter judgment accordingly.

DATED this 2nd day of February, 2016.

Brian Morris
United States District Court Judge